UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ROGELIO "ROY" IBANEZ, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. M-12-68 |
| | § | |
| SHARON MCGHEE, *et al*, | § | |
| | § | |
| Defendants. | § | |
| | § | |

## ORDER

Pending before the Court is the self-styled "Plaintiffs' Memorandum in Support of Motion to Remand."[1] At the initial pretrial and scheduling conference, Plaintiffs indicated that their "memorandum in support" was also their motion to remand. Accordingly, the Court will consider Plaintiffs' filing as both a motion to remand and a supporting memorandum.

For the reasons stated below, the Court **DENIES** the motion to remand. Furthermore, the Court informs Plaintiffs that it is *sua sponte* contemplating dismissing the case against Compass Bank for failure to state a claim upon which relief can be granted. If Plaintiffs choose to respond, they should do so on or before 21 days from the entry of this order.

### I.   Background

Plaintiffs sued Sharon McGhee and Compass Bank in state court on February 1, 2012.[2] Defendants filed their notice of removal on February 17, 2012, and asserted that this Court had subject matter jurisdiction based on 28 U.S.C. § 1332.[3] In the notice of removal Defendants

---

[1] Dkt. No. 8.
[2] Dkt. No. 1, Attach. 2.
[3] Dkt. No. 1.

claim that Sharon McGhee, the non-diverse defendant, was improperly joined.[4]  In their motion to remand, Plaintiffs claim that Sharon McGhee was properly joined and that her presence in this case spoils diversity.[5]

**II.     Analysis**

When the Court is considering whether a party was improperly joined, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant."[6] The Court "determin[es] removal jurisdiction on the basis of claims in the state court complaint as it exists at the time of removal."[7]  The Court notes that a 12(b)(6)-*type* analysis is distinguishable from a pure 12(b)(6) analysis; in the improper joinder context, the Court evaluates the petition under the state court pleading standards.[8]

Therefore, the Court will review the state court complaint to determine whether Plaintiffs state a claim against Sharon McGhee.  The state court petition alleges: "The Defendants owed a duty to all Plaintiffs.  They breached the duty by negligently and wrongfully foreclosing on the property."  It also alleges that "[b]oth Defendants were negligent in foreclosing on the properties and did so with malice."[9]  The Court notes that Plaintiffs fail to distinguish between the actions of Defendants.[10]

In the notice of removal, Defendants assert that Sharon McGhee is a bank officer.[11] Plaintiffs do not dispute this claim in the motion to remand.  For the first time in their motion,

---

[4] *Id*.
[5] Dkt. No. 8.
[6] Smallwood v. Illinois Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc).
[7] Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (1995).
[8] For Judge Rosenthal's thorough explanation of why the Court uses the state court pleading standards in the improper joinder context, *see* Edwea, Inc. v. Allstate Ins. Co., H-10-2970, 2010 WL 5099607 (S.D. Tex. Dec. 8, 2010).
[9] Dkt. No. 1, Attach. 2 at pp. 8-10.
[10] *Id*.
[11] Dkt. No. 1.

Plaintiffs allege facts and a theory of recovery specific to Sharon McGhee. Specifically, Plaintiffs state that "Plaintiffs joined Sharon McGhee because she provided information to the Plaintiffs that was negligently provided and eventually led to the foreclosures of the properties."[12] Once again, this Court is limited to claims asserted in the state court petition. This allegation is not supported by the state court petition.

      The state court petition, in excruciatingly general terms, accuses Defendants of negligence related to the foreclosure on certain properties. Generally speaking, banks (not bank officers) foreclose on properties. Interestingly, Plaintiffs' state court petition does not distinguish between the actions of Sharon McGhee and the actions of Compass Bank. The Court interprets the complaint as alleging that Compass Bank acted negligently when it foreclosed on certain properties. Even if the Court assumes that a bank officer may be held individually liable for certain types of conduct related to a foreclosure, the complaint contains no specific allegations against Sharon McGhee. It appears that Plaintiffs merely sued her to defeat diversity jurisdiction. The Court finds that the complaint does not state a claim against Sharon McGhee. Accordingly, the Court finds that Sharon McGhee was improperly joined and that removal was proper. Therefore, Sharon McGhee is dismissed from the case and the motion to remand is **DENIED**.

---

[12] Dkt. No. 8.

**III.    Conclusion**

After considering the motion, response, record and controlling authorities, the Court finds that even under the more lenient state court pleading standards, Plaintiffs have failed to state a claim against Sharon McGhee.  Therefore, Sharon McGhee is **DISMISSED** from this case and the motion to remand is **DENIED**.  Additionally, the Court is *sua sponte* considering dismissing the case against Compass Bank for failure to state a claim under the federal court pleading standards.

IT IS SO ORDERED.

DONE this 2nd day of May, 2012, in McAllen, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE