UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| ROGELIO "ROY" IBANEZ, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. M-12-68 |
| | § | |
| COMPASS BANK, | § | |
| | § | |
| Defendant. | § | |
| | § | |

## OPINION AND ORDER

Pending before the Court is Defendant's motion to dismiss Plaintiffs' negligence claims.[1] After considering the motion, record, and governing authorities, the Court **GRANTS** the motion.

**I.   Background**

This case has a rather tortured history which the Court will briefly review in order to illustrate that the Court has provided myriad chances for Rogelio "Roy" Ibanez, Santo Andrei, Ltd., and Matico, Inc., (collectively "Plaintiffs") to state a claim and otherwise correct errors in their filings. Compass Bank removed this case on February 17, 2012, and asserted that the non-diverse defendant was improperly joined.[2] Thereafter, Plaintiffs moved for remand.[3] The Court found that the non-diverse defendant was improperly joined and denied the motion to remand.[4]

In the order denying remand, the Court also notified Plaintiffs that it was sua sponte evaluating whether to dismiss the case against Compass Bank for failure to state a claim under the federal court pleading standards, and gave Plaintiffs 21 days to respond.[5] Plaintiffs

---

[1] Dkt. No. 27.
[2] Dkt. No. 1.
[3] Dkt. No. 8.
[4] Dkt. No. 14.
[5] *Id*.

responded that they had stated a claim, but sought leave to amend in the alternative.[6] After considering Plaintiffs' response, the Court found that the original petition did not state a claim and granted Plaintiffs' request for leave to amend.[7] Surprisingly, Plaintiffs attempted to include claims against the previously dismissed, non-diverse defendant in their amended complaint, an action which was beyond the scope of the Court's leave.[8] Additionally, the amended complaint suffered from a signature error that had been previously addressed by the Court.[9] The Court struck the first amended complaint and permitted Plaintiffs to file a second amended complaint.[10] Finally, the Plaintiffs filed their second amended complaint which is the live pleading before the Court.[11] Compass Bank moved for dismissal of Plaintiffs' negligence claims and Plaintiffs failed to respond.[12]

During the above saga, the Court experienced an additional problem with Plaintiffs. The Court ordered Plaintiffs to identify their citizenship for diversity purposes and even directed them to the controlling Fifth Circuit case which explains how to determine the citizenship of partnerships.[13] In return, Plaintiffs improperly responded that the members of the partnership were "U.S. Citizen[s]."[14] They also failed to properly identify the citizenship of the individual plaintiff and the defendant corporation.[15] Only after the Court provided detailed instructions did Plaintiffs properly identify their citizenship.[16]

---

[6] Dkt. No. 18.
[7] Dkt. No. 19.
[8] Dkt. No. 20.
[9] *Id*.
[10] Dkt. No. 22.
[11] Dkt. No. 24.
[12] Dkt. No. 27.
[13] Dkt. No. 21.
[14] Dkt. No. 23
[15] *Id*.
[16] Dkt. Nos. 25 & 26.

Now, Compass Bank has filed a motion to dismiss Plaintiffs' negligence claims.[17] **Inexplicably, Plaintiffs failed to respond to the motion to dismiss**.

## II.   Analysis

Compass Bank argues that Plaintiffs have failed to state a claim and moves for dismissal of the negligence claims. Federal Rule of Civil Procedure 12(b)(6) permits dismissal if a plaintiff "fail[s] to state a claim upon which relief can be granted."[18] "Dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate where the plaintiff fails to allege enough facts to state a claim to relief that is plausible on its face and thus does not raise a right to relief above the speculative level."[19] "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[20] "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions . . . ."[21]

Compass Bank argues that the second amended complaint only raises a single cause of action: negligence. Although the second amended complaint contains a rambling factual background, the Court agrees that Plaintiffs are only attempting to state negligence claims. The sections of the second amended complaint are labeled "Parties," "Jurisdiction," "Venue," "Facts," "Cause of Action for Negligence," and "Prayer."[22] Additionally, the "Cause of Action for Negligence" section makes it clear that Plaintiffs are pursuing a negligence claim. That conclusory section states in its entirety: "The Defendant owed a duty to all Plaintiffs. They

---

[17] Dkt. No. 27.
[18] FED. R. CIV. P. 12(b)(6).
[19] Montoya v. FedEx Ground Package Sys., Inc., 614 F.3d 145, 148 (5th Cir. 2010) (internal quotation marks and citation omitted).
[20] *Id*. (internal quotation marks and citation omitted).
[21] Rosenblatt v. United Way of Greater Hous., 607 F.3d 413, 417 (5th Cir. 2010) (internal quotation marks and citations omitted).
[22] Dkt. No. 24.

breached the duty by negligently and wrongfully foreclosing on the property. The breach proximately caused injury to all Plaintiffs."[23] The Court's assessment that Plaintiffs are only attempting to assert negligence claims is further confirmed by the proposed joint pretrial order. In the proposed joint pretrial order, Plaintiffs state the following in the section labeled "Contentions of the Parties":

> Compass was negligent in foreclosing on the real estate in question because such foreclosure had been restrained by a Travis County District Court.[24]
>
> Compass was negligent in foreclosing because the foreclosure was without notification and announcement to the public.[25]

The Court finds it significant that Plaintiffs characterize their claims as negligence claims in the proposed joint pretrial order. Although the Court has not yet approved the order, "[i]t is a well-settled rule that a joint pretrial order signed by both parties supersedes all pleadings and governs the issues and evidence to be presented at trial."[26] It would be sheer folly for Plaintiffs to limit their theory of recovery to negligence in a proposed joint pretrial order if they intended to pursue any additional theories of recovery. Thus, after reviewing the second amended complaint and the proposed joint pretrial order, the Court is convinced that Plaintiffs are only pursuing recovery on a theory of negligence.

Now the Court will evaluate whether Plaintiffs' second amended complaint states a claim for negligence against Compass Bank. The elements of a negligence claim are familiar, but they bear repeating: "To establish negligence, *a party must establish a duty*, a breach of that duty, and damages proximately caused by the breach."[27] "A duty represents a legally enforceable

---

[23] *Id*. at ¶ 21.
[24] Dkt. No. 32.
[25] *Id*.
[26] McGehee v. Certainteed Corp., 101 F.3d 1078, 1080 (5th Cir. 1996) (internal quotation marks and citations omitted).
[27] Kroger Co. v. Elwood, 197 S.W.3d 793, 794 (Tex. 2006) (emphasis added) (citations omitted).

obligation to conform to a particular standard of conduct."[28] When a negligence claim is asserted, "[w]hether a duty exists is a threshold inquiry and a question of law; liability cannot be imposed if no duty exists."[29] Furthermore, "Texas law generally imposes no duty to take action to prevent harm to others absent certain special relationships or circumstances."[30]

Plaintiffs first allege that Compass Bank acted negligently when it violated a restraining order or injunction. The Plaintiffs have not directed the Court to any authority holding that a restraining order or injunction creates a duty that would support a negligence claim if the restraining order or injunction was violated. Furthermore, the Court is unaware of any such authority. Without a duty, Plaintiffs cannot recover under a theory of negligence. Therefore, the Court **DISMISSES** the negligence claim that is based on an allegation that Compass Bank violated a restraining order or injunction.

Plaintiffs also complain that Compass Bank did not properly notify the public about the foreclosure sale. Here, Compass Bank asserts that the "lending relationship between Compass and plaintiffs is governed by contract."[31] The Court agrees that disputes over foreclosures are generally contractual disputes. Furthermore, the Texas Supreme Court has stated that when a contract spells out the parties' respective rights about a particular transaction, the contract and not common-law negligence governs any dispute about that transaction.[32] Strangely, Plaintiffs have not asserted a breach of contract claim, but have instead asserted a negligence claim. Given the incredibly brief and conclusory nature of the allegations in the amended complaint, there is no basis for the Court to conclude that Compass Bank owed any duties to Plaintiffs apart from its

---

[28] Way v. Boy Scouts of Am., 856 S.W.2d 230, 233 (Tex. App.—Dallas 1993, writ denied) (citation omitted).
[29] *Kroger*, 197 S.W.3d at 794 (citation omitted).
[30] Torrington Co. v. Stutzman, 46 S.W.3d 829, 837 (Tex. 2000).
[31] Dkt. No. 27 at ¶ 4.2.
[32] DeWitt Cnty. Elec. Co-op., Inc. v. Parks, 1 S.W.3d 96, 105 (Tex. 1999).

contractual duties to Plaintiffs. Stated differently, the second amended complaint does not sufficiently allege that Compass Bank owed Plaintiffs a non-contractual duty to notify the public of a foreclosure sale. Without a duty, Plaintiffs cannot prevail on a negligence claim. Therefore, the Court **DISMISSES** the negligence claim that is based on the allegation that Compass Bank did not properly notify the public of the foreclosure sale.

### III. Conclusion

After considering Compass Bank's motion to dismiss, the record, and the relevant authorities, the Court finds that Plaintiffs only attempted to state claims for negligence in their second amended complaint. However, as this attempt fails, the Court **DISMISSES** Plaintiffs' negligence claims in their entirety.

IT IS SO ORDERED.

DONE this 24th day of September, 2012, in McAllen, Texas.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE